IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrus E. Day,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Detective Prosser;<br>Detective Timothy Ramsey;<br>Detective Starkie;<br>Sgt. B. Adams;<br>Ptl. Sandler, Bryan, Gregory;<br>Officer Harry Roper;<br>Ptl. Officer Cobb, Darin;<br>Ptl. Officer Webb;<br>Assistant Solicitor Larry Todd;<br>Assistant Solicitor Kriston D. Neely;<br>Erica Michelle Rattiff;<br>Mr. Lavell Joyner,<br><br>　　　　　　　　　Defendants. | C/A No. 0:10-00163-SB-PJG<br><br><br><br><br><br><br><br>**REPORT AND**<br>**RECOMMENDATION** |

　　The Plaintiff, Tyrus E. Day, ("Plaintiff"), a self-represented pre-trial detainee, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pre-trial detainee at the Charleston County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as to the following Defendants: (1) Assistant Solicitor Larry Todd; (2) Assistant Solicitor Kriston D. Neely; (3) Erica Michelle Rattiff; and (4) Mr. Lavell Joyner. Service of the complaint is recommended below for the remaining Defendants.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than

---

[1]Screening pursuant to § 1915A is subject to this standard as well.



those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff was arrested for the offenses of Criminal Sexual Conduct in the First Degree and Kidnapping on February 28, 2009. (Compl., Docket Entry 1 at 1.) Plaintiff names eight officers employed by the North Charleston Police Department, who allegedly failed to properly investigate the allegations against the Plaintiff. Plaintiff claims the officers'

*PJG*

actions resulted in Plaintiff being arrested and "wrongly charged" with the above stated offenses. (Id., Docket Entry 1 at 2.)

Plaintiff also sues Assistant Solicitor Larry Todd for "maliciously" prosecuting the Plaintiff during a preliminary hearing held on April 13, 2009. (Id., Docket Entry 1 at 3.) Plaintiff's claim is based on Defendant Todd's refusal to dismiss Plaintiff's charges. Plaintiff states that his criminal case was later "passed on to Assistant Solicitor Kriston D. Neely," who has "held the case for about eight months now." (Id.) Plaintiff alleges Defendant Neely has violated his rights by opposing Plaintiff's request for a bond reduction. Plaintiff further complains that Defendant Neely has also refused to dismiss Plaintiff's pending criminal charges. (Id.)

Plaintiff names Defendant Erica Michelle Rattiff, the victim of the crimes allegedly committed by the Plaintiff, for making "faulty accusations" against him. (Id.) Mr. Lavell Joyner is identified as a "witness for the alleged victim." (Id., Docket Entry 1 at 1.) Plaintiff seeks monetary damages for the Defendants' actions.

## DISCUSSION

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271(1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or

Page 4 of 7

PJG

laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liberally construed, Plaintiff's Complaint appears to allege claims of false arrest and malicious prosecution against the defendants. However, two of the named defendants, Assistant Solicitor Larry Todd and Assistant Solicitor Kriston D. Neely, are immune from Plaintiff's § 1983 claim for damages. In South Carolina, regional prosecutors are called solicitors and assistant solicitors. See S.C. Const. art. V, § 24; S.C. Code Ann. § 1-7-310 (1976). Solicitors are elected by voters of a judicial circuit and have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. See Van de Kamp v. Goldstein, ___ U.S. ___, 129 S.Ct. 855, 861 (2009) ("[W]e have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant.") (citations omitted); see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, 500 U.S. 478 (1991); Imbler v. Pachtman, 424 U.S. 409 (1976); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000). Plaintiff sues Defendants Todd and Neely for refusing to dismiss Plaintiff's state criminal charges and for opposing Plaintiff's request for a bond reduction. As these defendants have absolute immunity insofar as their prosecutorial actions are concerned, Plaintiff's claims against them are barred from suit under § 1983. Therefore, Defendants Todd and Neely should be dismissed from the instant action.

Next, Plaintiff names two private individuals, Erica Michelle Rattiff and Mr. Lavell Joyner. Plaintiff names Defendant Rattiff, the alleged victim in Plaintiff's pending criminal case, for making a false police report. Defendant Joyner is listed as a witness for the



alleged victim. However, purely private conduct, such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). As Plaintiff provides no information to indicate that Defendants Rattiff and Joyner are "state actors" amenable to suit under § 1983, these two Defendants are entitled to summary dismissal from the instant action.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process as to the following four Defendants: Assistant Solicitor Larry Todd; Assistant Solicitor Kriston D. Neely, Erica Michelle Rattiff; and Mr. Lavell Joyner. Process shall issue for service on the remaining defendants.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 2, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).