IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrus E. Day, | ) | C/A No. 0:10-00163-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Detective Prosser; Detective Timothy Ramsey; | ) | |
| Detective Starkie; Sgt. B. Adams; Ptl. Sandler, | ) | |
| Bryan, Gregory; Officer Harry Roper; Ptl. | ) | |
| Officer Cobb, Darin; and Ptl. Officer Webb, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Tyrus E. Day ("Day"), who is self-represented, filed this action alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. This matter stems from Day's arrest on February 28, 2009 and the subsequent prosecution. The remaining defendants in this action are Detective Prosser; Detective Timothy Ramsey; Detective Starkie; Sgt. B. Adams; Ptl. Sandler,[1] Bryan Gregory; Officer Harry Roper; and Ptl. Officer Cobb, Darin, all of the North Charleston Police Department.[2] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss, or in the alternative for summary judgment.[3] (ECF No. 35.) Pursuant to Roseboro v. Garrison, 528 F.2d 309

---

[1] Based on the filings, it appears that Defendant Sandler's last name is actual "Sadler." (See ECF No. 1-1 at 1.)

[2] Additionally, it appears that Defendant Ptl. Officer Webb has not been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure; accordingly, the court recommends that Day's claims against this defendant be dismissed without prejudice pursuant to Rule 4(m). See Fed. R. Civ. P. 4.

[3] The defendants have moved for dismissal under Rule 12(b)(6). However, the court observes that the defendants have presented matters outside the pleadings with regard to this motion, to which Day had an opportunity to respond. Therefore, the court is treating the defendants' motion as one for summary judgment pursuant to Rule 56. See Fed. R. Civ. P. 12(d).

(4th Cir. 1975), Day was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 36.) Day filed a response in opposition. (ECF No. 39.) Having carefully reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

Viewing the facts in the light most favorable to Day, the following facts are pertinent to the resolution of the defendants' motion. Day was arrested for the offenses of Criminal Sexual Conduct in the First Degree ("CSC 1st") and Kidnapping on February 28, 2009. (Compl., ECF No. 1 at 1.) Day alleges that the defendants, who are all officers employed by the North Charleston Police Department, failed to properly investigate the allegations against Day. Day claims the defendants' actions resulted in Day's being arrested and "wrongly charged" with the above stated offenses. (Id. at 2.) He alleges that the victim gave a false statement and a false police report. Day states that no evidence existed upon which to base his arrest and that despite his offer to provide DNA evidence to vindicate himself, no DNA comparison was made. He seeks monetary damages, as well as legal fees.

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary

judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Day's Claims**

Day's filings in this matter do not specifically identify what claims he asserts against the remaining defendants. In Day's Complaint, he states that he is filing a lawsuit against the defendants for "warrant number k-353838/k-353839." (Compl., ECF No. 1 at 1.) Based on the information contained in the incident report completed by Defendant Sandler, an additional narrative by

Defendant Cobb, and a supplement by Defendant Ramsey, the crux of Day's allegations against the defendants appears to be that they failed to investigate the victim's allegations before Day's arrest and at the time he filed his Complaint, they had still not performed a proper investigation.

To the extent that Day is asserting a claim for malicious prosecution, this claim fails as a matter of law. "In order for a plaintiff to state a section 1983 malicious prosecution claim for a seizure violative of the Fourth Amendment, [the United States Court of Appeals for the Fourth Circuit has] required that the defendant have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.' " Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005) (quoting Brooks v. City of Winston-Salem, 85 F.3d 178, 183-84 (4th Cir. 1996)) (alterations in original). At the time the defendants filed their motion for summary judgment, Day's state criminal proceedings were still pending. (See Neely Aff., ECF No. 35-1.) In his filings, Day has failed to demonstrate or even allege that the criminal charges have been terminated in his favor. Moreover, since the filing of the defendants' motion, it appears from the records of the Clerk of Court for Charleston County that Day has pled guilty with court costs to a lesser included offense of CSC 1st—specifically, Assault and Battery of a High and Aggravated Nature.[4]  See http://www3.charlestoncounty.org/docs/CoC/index.html (follow the "Online Case Search" hyperlink; then follow the "CONTINUE" hyperlink; then enter the characters on the screen and follow the "Submit" hyperlink; then follow the "Criminal and Traffic Cases" hyperlink; then enter "Day, Tyrus" in the "Name (*Last, First, MI*)" field; then follow the "GS10 2009 005102" hyperlink; view

---

[4] The court may take judicial notice of factual information located in postings on government websites. See Williams v. Long, 585 F. Supp. 2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating); In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2008 WL 4185869 at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.' ").

this page as well as the "Disposition" page) (additional information concerning the codes on this page is available under the "HELP" hyperlink) (last visited January 5, 2010);[5] State v. Primus, 564 S.E.2d 103 (S.C. 2002) (overruled on other grounds by State v. Gentry, 610 S.E.2d 494 (S.C. 2005)) (stating that under South Carolina law, ABHAN is a lesser included offense of first degree criminal sexual conduct). Accordingly, the defendants are entitled to summary judgment on Day's claim for malicious prosecution, as he has failed to demonstrate that the charges have been terminated in his favor.

To the extent that Day is attempting to assert a claim for false arrest or that he was arrested in violation of his Fourth Amendment rights, the defendants are entitled to summary judgment on this claim as well. To succeed on such a claim, Day must demonstrate that the defendants arrested Day without probable cause.[6] See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer arrested him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001) (stating that claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). "Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' " Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). It requires more than bare

---

[5] This electronic information is preserved as an ECF attachment to this Report and Recommendation.

[6] The court observes that it is unclear from the record before the court whether Day was arrested before the officers obtained an arrest warrant. However, if Day was arrested pursuant to a facially valid warrant, a claim for false arrest would fail as a matter of law. See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998) (stating that under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant").

suspicion, but less than evidence necessary to convict. Porterfield, 156 F.3d at 569. Moreover, the determination of whether probable cause exists is reviewed under the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 238 (1983); Taylor v. Waters 81 F.3d 429, 434 (4th Cir. 1996). Based on the record before the court, no reasonable jury could find that the defendants failed to investigate the victim's allegations or that Day's arrest was made without probable cause. (See Incident Report, additional narrative, supplement, ECF No. 1-1.)

**C.     Other Allegations**

To the extent that Day's Complaint may be construed to allege any other constitutional violations, the court finds that Day has failed to plead sufficient facts to state a plausible claim. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). Further, to the extent that Day's Complaint could be construed to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over those claims. See 28 U.S.C. § 1367(c).

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment (ECF No. 35) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 6, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).