IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrus E. Day, | ) | Civil Action No. 0:10-cv-163-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Detective Prosser, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff filed this *pro se* 1983 action alleging that Defendants violated his civil rights. The Magistrate Judge recommended granting summary judgment in favor of Defendants. (Dkt. No. 44). Plaintiff has not objected to the R&R. As shown herein, this Court has reviewed the Record for any clear errors of law and agrees with the Magistrate's report and adopts it as the order of this Court.

**Law/Analysis**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

As addressed in the R&R, there are legal barriers to Plaintiff's clams. In Plaintiff's Complaint, he states that he is filing a lawsuit against the defendants for

1

"warrant number k-353838/k-353839." (Compl., Dkt. No. 1 at p. 1.) Based on the information contained in the incident report completed by Defendant Sandler, an additional narrative by Defendant Cobb, and a supplement by Defendant Ramsey, the crux of Day's allegations against the defendants appears to be that they failed to investigate the victim's allegations before Day's arrest and at the time he filed his Complaint, they had still not performed a proper investigation.

To the extent that the Complaint is construed to bring a claim for malicious prosecution, this claim fails as a matter of law. "In order for a plaintiff to state a section 1983 malicious prosecution claim for a seizure violative of the Fourth Amendment, [the United States Court of Appeals for the Fourth Circuit has] required that the defendant have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.'" *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir. 1996)). At the time the Defendants filed their motion for summary judgment, Plaintiff's state criminal proceedings were still pending. (*See Neely* Aff., ECF No. 35-1.) In his filings, Day has failed to demonstrate or even allege that the criminal charges have been terminated in his favor. Further, since the filing of the Defendants' motion, public records from the Clerk of Court for Charleston County that Day has pled guilty with court costs to a lesser included offense of CSC 1st—specifically, Assault and Battery of a High and Aggravated Nature. *See* http://www3.charlestoncounty.org . As a result, the Defendants are entitled to summary judgment on Plaintiff's claim for malicious prosecution, as he has failed to demonstrate that the charges have been terminated in his favor.

To the extent that Plaintiff is attempting to assert a claim for false arrest or that he was arrested in violation of his Fourth Amendment rights, the Defendants are entitled to summary judgment on this claim also.  To succeed on such a claim, Plaintiff must demonstrate that the defendants arrested Day without probable cause.  *See Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer arrested him without probable cause to establish an unreasonable seizure under the Fourth Amendment).  Based on the record before the court, no reasonable jury could find that the defendants failed to investigate the victim's allegations or that Plaintiff's arrest was made without probable cause. (*See* Incident Report, additional narrative, supplement, ECF No. 1-1.)

To the extent that Day's Complaint may be construed to allege any other constitutional violations, Plaintiff has failed to plead sufficient facts to state a plausible claim.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009).  Further, to the extent that Plaintiff's Complaint could be construed to state additional claims under state law, this Court declines to exercise supplemental jurisdiction over those claims.  *See* 28 U.S.C. § 1367(c).

### Conclusion

Accordingly, this Court grants summary judgment in favor of the Defendants.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

January 27, 2011
Charleston, South Carolina

3